IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

v.

DOMINICK L. FELDER,

Defendant.

) CRIMINAL CASE NO. CF0081-08
)
) **DECISION AND ORDER ON**
) **DEFENDANT'S MOTION FOR**
) **REDUCTION OF SENTENCE**
)
)
)
)

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on March 25, 2013 on Defendant Dominick L. Felder's (hereafter "Felder" or "Defendant") Motion for Reduction of Sentence ("Motion"). Attorney Randall Cunliffe represented the Defendant. Assistant Attorney General J. Basil O'Mallan III appeared on behalf of the People. This Court, having reviewed all of the pleadings, evidence and oral arguments, now issues the following Decision and Order **DENYING** Defendant's Motion.

## PROCEDURAL HISTORY

On February 28, 2011, Defendant was sentenced to serve twenty years of imprisonment after a jury convicted him of second degree criminal sexual conduct ("CSC"). Felder appealed the judgment to the Supreme Court of Guam on March 4, 2011 challenging the propriety of a second degree CSC instruction to the jury and the trial court's decision to sentence him to twenty years of incarceration. *People v. Felder*, 2012 Guam 8 ¶ 6. The Supreme Court affirmed the judgment of conviction, finding that although it was error to include the instruction for second degree CSC, Felder failed to "meet his burden of demonstrating prejudice by the instruction and reversal is not necessary to prevent a miscarriage of justice or to maintain the integrity of the judicial process." *Id.* at ¶ 2. The Supreme Court also affirmed the trial court's imposition of a twenty year sentence after determining that the trial court did

not abuse its discretion in finding that Felder was not a first offender, and thus not entitled to be treated as such for the purpose of sentencing. *Id.* at ¶¶ 55- 56.

Defendant then filed the instant Motion for Reduction of Sentence pursuant to 8 GCA § 120.46 (2005), seeking the Court's leniency and discretion to reduce the twenty year sentence. The People oppose the motion. On February 22, 2013, Defendant filed a Submission of Supporting Documents, attaching the following:

- Letter from Andrea Felder (Defendant's wife) dated December 18, 2012;
- Letter from Diane Gregory (Defendant's Mother);
- Letter from Quashonda Felder (Defendant's sister);
- Certificate of Participation from Department of Corrections Behavioral Health Services in 3rd Cycle Habilitation Treatment Program- Healthy Thinking Group (December 5, 2011 to April 13, 2012);
- Certificate of Participation from Department of Corrections Behavioral Health Services in 3rd Cycle Habilitation Treatment Program- Drug & Alcohol Group (December 5, 2011 to April 13, 2012); and
- Prison Fellowship certificate (January to July 2012)

On February 25, 2013, without leave of this Court, the Defendant filed a second Memorandum of Law in Support of Motion for Reduction of Sentence. On March 25, 2013, this Court heard oral argument on Felder's motion, including a statement from Defendant's wife in support of reducing his sentence.

## DISCUSSION

Title 8 GCA § 120.46 (2005) establishes this Court's discretionary authority to correct or lower sentences and provides, in relevant part, as follows:

> The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or

judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.[1]

If a lawful sentence was lawfully imposed in the first instance, then the function of section 120.46 is to provide the trial court with discretion "to decide if, on further reflection, the original sentence now seems unduly harsh." *U.S. v. Maynard*, 485 F.2d 247, 248 (9th Cir. 1973). It is essentially a plea for leniency. *See U.S. v. Carrillo*, 947 F.2d 951 (9th Cir. 1991)(citing *U.S. v. Smith*, 650 F.3d 206, 208 (9th Cir. 1981)(quoting *Maynard, supra*)); *United States v. Thayer*, 857 F.2d 1358, 1360 (9th Cir. 1988)(a motion to reduce sentence is essentially a plea for leniency).[2]

Felder's motion is not based upon newly discovered evidence or any claim that the sentence was illegal. It is grounded solely upon a claim that the co-defendant and the 12-year old victim initially lied to the police and upon a request by Felder's wife to reduce his sentence in order that he may support her and their two children.[3]

The People oppose a reduction of Defendant's sentence because of the heinous nature of the offense and the age of the victim, who was 12-years old at the time of her rape. The People posit that the sentence "is a fair sentence in light of his misconduct." Opp'n to Mot. for Reduction of Sentence (September 24, 2012). Under Guam law, Defendant's conviction of second degree CSC as a first degree felony carries with it a sentence of "not less than five (5) years and not more than twenty (20) years." 9 GCA § 80.30(a) (2005). In sentencing Felder, the trial court had before it: the People's Sentencing Memorandum; Defendant's Sentencing Memorandum; oral arguments before the Court on the application of an enhancement statute; and statements from both the mother of the victim and Felder's wife. Indeed, the Guam Supreme Court found that the trial court did not abuse its discretion in denying Felder a lesser sentence under the first offender statute of 9 GCA § 80.31. *Felder*, 2012 Guam 8 ¶¶ 58-59.

---

[1] The Court finds that Felder's motion has been timely made, having been filed within 120 days following the issuance of the Supreme Court's mandate affirming judgment of his conviction.

[2] 8 G.C.A. §120.46 is identical to the first two sentences of former Rule 35; thus, cases interpreting the federal rule are instructive.

[3] Felder also argues that this Court needs to re-visit the disputed facts of the case in order to rule on the motion for reduction of sentence because the trial and sentencing were before now-retired Judge Elizabeth Barrett-Anderson. This Court disagrees and will not allow the defendant to use this motion as a vehicle to retry the case against him.

This Court appreciates the hardship that the Defendant's wife, children, and other family members have claimed they will endure by reason of Felder's continued incarceration as set forth in the various correspondences submitted in support of the Motion. However, he was convicted of committing an atrocious crime against a 12-year old girl after a jury trial at which he had the opportunity to cross-examine witnesses against him as well as call witnesses in his defense, in addition to the other rights associated with a jury trial. Moreover, his conviction and his twenty year sentence were upheld on appeal to the Supreme Court of Guam. It would not serve the ends of justice to now reduce his sentence based solely upon his good behavior since his incarceration or the financial and emotional needs of his family where no extraordinary circumstances have been shown. *See, e.g., U.S. v. Leon,* 341 F.3d 928, 931-932 (9th Cir. 2003)("Permissible downward departures from sentencing generally involve situations where the defendant is an *irreplaceable* caretaker of children, elderly and/or seriously ill family members and the extent of the departure appropriately serves to protect those family members from the impacts of the defendant's prolonged incarceration. . . . Conversely, downward departures that are reversed on appeal for being unwarranted often involve a non-essential caretaker.")(numerous citations omitted); *U.S. v. Thayer,* 857 F.2d 1358, 1360 (9th Cir. 1988)(on a plea for leniency, a defendant is not entitled to probation simply because he suffers medical infirmities).

This Court has received the various letters from the Defendant's wife and family members as well as certificates of completion of programs he has attended while incarcerated; however, these are insufficient to support a reduction of his sentence given the careful deliberation of the trial judge and further affirmation by the Supreme Court of Guam. These materials are more appropriately presented to the Territorial Parole Board, which is "authorized to release on parole any person confined in any penal or correctional institution of this Territory and to revoke parole or discharge from parole any parolee." 9 GCA § 85.10 (2005). Felder will be eligible for parole upon completion of eighty-five percent (85%) of his sentence. 9 GCA § 80.70(a)(7) (2005)("[I]n the case of an offender sentenced to a term of imprisonment for the commission of a violent crime, such offender may be released conditionally on parole

upon completion of eighty-five percent (85%) of his fixed sentence. . . . [A] violent crime is defined as. . . 7. Second degree criminal sexual conduct, as defined in 9 GCA § 25.15."). Under the circumstances, the proper forum for Felder's his request for leniency is before the Territorial Parole Board. *Maynard*, 485 F.2d at 248 (matters pertaining to defendant's good behavior while in prison is chiefly for the Board of Parole to consider, not the judge).

## CONCLUSION

Based on the foregoing, the Court finds that Defendant Felder has not presented sufficient cause to reduce his sentence of twenty years. Therefore, Defendant's Motion for Reduction of Sentence is **DENIED.**

**SO ORDERED** this 17th day of July, 2013.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

